Ricky Anthony **FREEMAN, Sr. and An-
nette Brown, the parents of Ricky An-
thony Freeman, Jr., and Xavier Brown,
Plaintiffs–Appellants,**

v.

The **ELGIN SWEEPER COMPANY, et
al., Defendants–Appellees.**

Ricky Anthony **FREEMAN, Sr., and An-
nette Brown, the parents of Ricky An-
thony Freeman, Jr., and Xavier Brown,
an infant, by Annette Brown, her Natu-
ral Mother, Plaintiffs–Appellants,**

v.

The **CITY OF La GRANGE, Henry Aber-
nathy, Edwin Gore, Byron Hurst,
Charles Joseph, Glenn Robinson, Wil-
liam Whorton, La Grange City Council-
men, and Gardner Newnan, Mayor of
the City of La Grange, Defendants–Ap-
pellees.**

**Nos. 88–8115, 88–8588.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 10, 1989.

Sherry L. Stenson, LaGrange, Ga., for
plaintiffs-appellants.

Malcolm P. Smith, G. Melton Mobley,
Eve A. Appelbaum, Gorby, Reeves, Morai-
takis & Whitman, Atlanta, Ga., David H.
Tisinger, Paul E. Weathington, Tisinger,
Tisinger, Vance & Greer, Carrollton, Ga.,
for defendants-appellees.

Virginia Jane Reed, Chambers, Mabry,
McClelland & Brooks, Atlanta, Ga., for
Cantrell.

J. Ronald Mullins, Jr., Allen C. Levi, Kel-
ly, Denney, Pease & Allison, Columbus,
Ga., for R. Tibbets.

Before HILL and KRAVITCH,
Circuit Judges, and POINTER *, Chief
District Judge.

PER CURIAM:

This litigation with, in our court, two
different cases (88–8115 and 88–8588),
three plaintiffs and approximately 15 sepa-
rate defendants, actually involves a traffic
collision between a bicycle operated by the
plaintiffs' child and a street sweeper oper-
ated by the City of La Grange, Georgia.
The child died as a result of the collision.

Nothing about this mishap is said to have
included intentional deprivation by any gov-
ernmental operator of the life of this young
boy. Whether or not there was actionable
negligence under state law, it is clear that
any wrongdoing of the City of La Grange
or its street sweeper driver did not rise to
the level of a constitutional deprivation suf-
ficient to support a claim under 42 U.S.C.
§ 1983.

Along with the attempt to allege federal
claims, plaintiffs/appellants' attorney has
named a substantial number of what are
said to be pendant state claims.

---

* Honorable Sam C. Pointer, Jr., Chief U.S. Dis-
trict Judge for the Northern District of Ala-   bama, sitting by designation.

The district judge gave careful consideration to voluminous filings and tenders on behalf of the plaintiffs, concluding that no federal claim was stated and that pendant state claims ought not be retained by the federal court. All claims in both cases have been dismissed.

We are not in a position to say whether or not there might be a case of liability under state law for damages or wrongful death damages arising out of this traffic accident. We do not do so and neither did the district judge. A traffic accident of this sort, even though involving a vehicle operated by a state actor, does not constitute a claim under 42 U.S.C. § 1983. The plaintiffs and the plaintiffs' counsel should address claims under state law without running the risk that diversion into the federal courts may permit the state statute of limitations to expire.

AFFIRMED.